HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3993
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendant
DAVOL INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL POSTON AND DARLINE POSTON,<br>Plaintiffs,<br>vs.<br>DAVOL, INC., AND DOES 1 THROUGH 10 AND ROES 11 THROUGH 20, INCLUSIVE,<br>Defendants. | No.<br>**NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL** |

Defendant Davol Inc. ("Davol"), by its undersigned counsel, hereby removes the above-captioned matter from the Superior Court of California, Sacramento County, California, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Davol respectfully states:

Plaintiffs filed this action in the Superior Court of California, Sacramento County, California, on November 15, 2006. Davol was served on December 8, 2006.

As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Davol has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

**I. Davol Has Satisfied the Procedural Requirements for Removal**

Removal is timely. Davol was served with a copy of the Complaint on December 8, 2006. *See* Exhibit A (copy of all process, pleadings, and orders served upon, including the summons and complaint). This Notice of Removal is being filed within 30 days of the first date on which Davol received a copy of the Complaint through service, and so is timely pursuant to 28 U.S.C. § 1446(b).

Venue is proper. The Superior Court of California, Sacramento County, California is located within the Eastern District of California, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(b) because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

No further proceedings have been had in the state court action.

No previous application has been made for the relief requested herein.

A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Exhibit B and is being filed in the Superior Court of California, Sacramento County, California and served on Plaintiffs.

**II. Removal is Proper in This Case**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

**A. Complete diversity exists between Plaintiff and Defendants.**

The Complaint states that Plaintiffs are residents of State of California, Sacramento County. *See* Compl. ¶ 1.

Davol is, and has been at all relevant times, a corporation incorporated under the law of the State of Rhode Island with its principal place of business in Rhode Island as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol is not a citizen of the state of California. The naming of fictitious defendants, namely Does 1 through 10 and Roes 11 through 20, is disregarded in making determinations regarding removal. *See* 28 U.S.C. § 1441(a).

**B. The amount in controversy requirement is satisfied.**

The Statement of Damages served by each plaintiff herein specifies damages in excess of the requisite amount in controversy for removal. Specifically, plaintiff Daniel Poston claims $1,000,000,000 in damages and plaintiff Darline Poston claims $500,000 in damages. *See* Daniel Poston Statement of Damages at ¶ 2, and Darline Poston Statement of Damages at ¶ 2, included in Exhibit A.

WHEREFORE, Davol respectfully removes this action from the Superior Court of California, Sacramento County, California to this Court pursuant to 28 U.S.C. § 1441.

Date: January 5, 2007

Respectfully submitted,

HASSARD BONNINGTON LLP

BY: /S/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for defendant
DAVOL INC.

**DEMAND FOR JURY TRIAL**

Defendant Davol Inc. hereby demands that this action and all issues present, be tried by a jury.

Date: January 5, 2007

/S/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for defendant
DAVOL INC.

# PROOF OF SERVICE

**CASE NAME:** **Poston vs. Davol Inc.**

**COURT:** **United States District Court, Eastern District of California**

**CASE NUMBER:**

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of eighteen years, and am not a party to the within action. I am employed in the City and County of San Francisco, California, and my business address is Two Embarcadero Center, Suite 1800, San Francisco, California 94111-3993. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date last written below, following ordinary business practice, I served the following document(s):

**NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL**

on the parties in this action, through their attorneys of record, by placing true and correct copies thereof in sealed envelope(s) addressed as shown on the attached Service List for service as designated below:

(1) (By First Class Mail) I placed, on the date shown below, at my place of business, a true copy thereof, enclosed in a sealed envelope for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business, addressed to those listed on the attached Service List.

(2) (By Hand) Pursuant to Code of Civil Procedure §1011, I directed each envelope to the party(ies) so designated on the attached Service List to be delivered by courier this date.

(3) (By US Postal Express Mail) Following ordinary business practice, I caused each such envelope, with Express Mail postage thereon fully prepaid, to be placed in the United States Express Mail depository, at San Francisco, California, for next day delivery.

(4) (By Federal Express) Following ordinary business practice, I caused each such envelope, with shipping charges fully prepaid, to be delivered to a Federal Express agent at Federal Express Corporation at San Francisco, California, for next business day delivery.

(5) (By Special Courier) I caused each such envelope, with shipping charges fully prepaid, to be delivered to _________________, at ___________________________, California, for next business day delivery.

(6) (By Facsimile) I transmitted to the parties listed on the attached Service List at approximately ______ m. on the date listed below, the aforementioned documents by facsimile machine (415) 288-9801, to the fax numbers so indicated, pursuant to California Rules of Court, Rule 2008. The facsimile machine I used complied with Rule 2003, the transmission was reported as complete and no error was reported by the machine. I caused the machine to print a transmission record, a copy of which is attached to the proof of service.

I declare under penalty of perjury that the foregoing is true and correct and that this Proof of Service was executed on **January 5, 2007** at San Francisco, California.

____________________________
Esther Hom

SERVICE LIST

| Name | Type of Service |
|---|---|
| Thomas Minder, Esq.<br>Jonathan Saul, Esq.<br>THOMAS MINDER & ASSOCIATES<br>2151 River Plaza Drive, Suite 290<br>Sacramento, CA 95833 | (1) By First Class Mail |

I declare under penalty of perjury that the foregoing is true and correct and that this Proof of Service was executed on **January 5, 2007** at San Francisco, California.

Esther Hom

SERVICE LIST

| Name | Type of Service |
| --- | --- |
| Thomas Minder, Esq.<br>Jonathan Saul, Esq.<br>THOMAS MINDER & ASSOCIATES<br>2151 River Plaza Drive, Suite 290<br>Sacramento, CA 95833 | (1) By First Class Mail |

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
DAVOL, INC., and DOES 1 through 10 and
ROES 11 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTA DEMANDANDO EL DEMANDANTE):***
DANIEL POSTON and DARLINE POSTON

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Sacramento County Superior Court
720 Ninth Street
Sacramento, CA 95814

CASE NUMBER: *(Número del Caso):* 06AS04935

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Saul, Esq. SBN 189271 (916) 929-4400
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290, Sacramento, CA 95833

DATE: *(Fecha)* NOV 15 2006 Clerk, by *(Secretario)* L. GUTIERREZ, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: DAVOL, INC.
   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Thomas Minder, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, California 95833
Telephone: (916) 929-4400
Facsimile: (916) 929-4466

Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

FILED/ENDORSED
NOV 15 2006
By L. GUTIERREZ
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SACRAMENTO

| | |
|---|---|
| DANIEL POSTON and DARLINE POSTON,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive,<br><br>Defendants. | CASE NO: 06AS04935<br><br>**COMPLAINT - PRODUCT LIABILITY** |

Plaintiffs DANIEL POSTON and DARLINE POSTON alleges against defendants DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, and each of them, as follows:

**PARTIES AND JURISDICTION**

1. Plaintiffs DANIEL POSTON and DARLINE POSTON are and were at all times relevant hereto residents of the State of California, County of Sacramento.

2. Plaintiffs are informed and believe, and thereon allege, defendant DAVOL, INC. (hereinafter "DAVOL") is a Delaware Corporation which provides medical supplies and instruments to medical providers throughout the United States, including California, and the Sacramento area, and has an agent for service of process in Los Angeles, California.

3. Plaintiffs are informed and believe, and thereon allege, defendant DAVOL, and ROES 11 through 20, manufactured, designed, marketed and provided the surgical mesh utilized

SUM-100

# SUM...ONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTA DEMANDANDO EL DEMANDANTE):***
DANIEL POSTON and DARLINE POSTON

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Sacramento County Superior Court
720 Ninth Street
Sacramento, CA 95814

CASE NUMBER: *(Número del Caso):* 06AS04935

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Saul, Esq. SBN 189271 (916) 929-4400
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290, Sacramento, CA 95833

DATE: *(Fecha)* NOV 15 2006 Clerk, by *(Secretario)* L. GUTIERREZ, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: DAVOL, INC.
   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] *Martin Dean's Essential Forms* TM

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

POSTON, DANIEL

during the procedure in question, a hernia surgery, performed on Plaintiff DANIEL POSTON in or about June 2005.

4. Plaintiff DANIEL POSTON suffered complications following his hernia surgery, and was eventually informed, in August 2006, that the mesh utilized in his prior surgery had been recalled.

5. Plaintiff DANIEL POSTON was forced to undergo a subsequent procedure, in November 2006, during which the recalled mesh was removed.

6. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, each of said Defendants was the agent and employee of each of the remaining Defendants and in doing each of the things alleged herein was acting within the course and scope of said agency and employment.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 10 and ROES 11 through 20 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as "DOE" or "ROE" are legally responsible in some manner for the events and happenings herein referred to, and legally caused injuries and damages to Plaintiffs, as herein alleged. Plaintiffs will seek leave to insert the true names of said Defendants herein when they are ascertained.

## FIRST CAUSE OF ACTION

**Negligence**

**(Defendant DAVOL, INC.)**

8. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-7, as though fully set forth herein.

9. That at all times herein mentioned, Defendant DAVOL and ROES 11 through 20, and each of them, negligently and carelessly researched, designed, manufactured, inspected, marketed, warranted, and advertised the surgical mesh utilized during the surgery in question, and that Defendants negligently and carelessly allowed the product to be sold, used and consumed by the general public. The product in question was unfit for its intended use inasmuch

as it caused personal injuries to the user and consumer when used in a manner reasonably foreseeable.

10. At all times mentioned herein, Defendant DAVOL and ROES 11 through 20, and each of them, knew or in the exercise of reasonable care should have known, that the product was of such a danger that it was likely to injure persons who used it.

11. At all times herein mentioned, Defendant DAVOL and ROES 11 through 20, and each of them, had a duty to properly research, design, manufacture, inspect, market, warrant and advertise the product and that Defendant DAVOL and ROES 11 through 20, and each of them, breached that duty to the general public and, in particular, to Plaintiff DANIEL POSTON.

12. Because of the negligence of Defendants DAVOL and ROES 11 through 20, and each of them, in the research, manufacture, inspection, marketing, warranting, and advertising the product, Plaintiff DANIEL POSTON sustained personal injuries.

13. As a legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON sustained injuries which have caused and continue to cause him mental, emotional and physical pain and suffering. Plaintiff DANIEL POSTON alleges that said injuries will result in some permanent disability, resulting in general damages in an amount in excess of the jurisdictional limits of this court.

14. As a further legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON was required to employ health care providers to treat and care for him. Plaintiffs have incurred medical expenses, the amount of which is presently unknown and said expenses are continuing to occur and, when finally determined, will ask leave of the Court to assert such damages.

## SECOND CAUSE OF ACTION

**Loss of Consortium**

**(Defendant DAVOL, INC.)**

15. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-14, as though fully set forth herein.

///

16. At all times herein mentioned, Plaintiff DARLINE POSTON was the wife of Plaintiff DANIEL POSTON. As a further direct and legal result of the negligence and carelessness of Defendants, and each of them, Plaintiff DARLINE POSTON has been deprived of the care, comfort, companionship, society, and consortium of her husband, all to Plaintiff DARLINE POSTON's damages in excess of the jurisdictional minimum of this court.

**THIRD CAUSE OF ACTION**

**Strict Liability**

**(Defendant DAVOL, INC.)**

17. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-16, as though fully set forth herein.

18. That at all times herein mentioned, Defendants DAVOL and ROES 11 through 20, and each of them, researched, designed, manufactured, inspected, marketed, warranted, and advertised the surgical mesh, which contained design, manufacturing and warning defects capable of causing personal injuries to the user and consumer while being used in a reasonably foreseeable manner. The aforementioned conduct rendered the product unsafe and dangerous for use by consumers, including Plaintiff DANIEL POSTON.

19. Defendants, and each of them, knew that the product was to be used without inspection for defects by Plaintiff DANIEL POSTON.

20. At all material times, the product hereinabove described was unsafe for its intended use by consumers by reason of defects in its manufacture and design rendering it unreasonably dangerous to foreseeable users.

21. Plaintiff DANIEL POSTON alleges that the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, in designing and manufacturing the product in question was the legal cause of his injuries and damages.

22. As a legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON sustained injuries which have caused and continue to cause him mental, emotional and physical pain and suffering. Plaintiff DANIEL

16. At all times herein mentioned, Plaintiff DARLINE POSTON was the wife of Plaintiff DANIEL POSTON. As a further direct and legal result of the negligence and carelessness of Defendants, and each of them, Plaintiff DARLINE POSTON has been deprived of the care, comfort, companionship, society, and consortium of her husband, all to Plaintiff DARLINE POSTON's damages in excess of the jurisdictional minimum of this court.

**THIRD CAUSE OF ACTION**

**Strict Liability**

**(Defendant DAVOL, INC.)**

17. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-16, as though fully set forth herein.

18. That at all times herein mentioned, Defendants DAVOL and ROES 11 through 20, and each of them, researched, designed, manufactured, inspected, marketed, warranted, and advertised the surgical mesh, which contained design, manufacturing and warning defects capable of causing personal injuries to the user and consumer while being used in a reasonably foreseeable manner. The aforementioned conduct rendered the product unsafe and dangerous for use by consumers, including Plaintiff DANIEL POSTON.

19. Defendants, and each of them, knew that the product was to be used without inspection for defects by Plaintiff DANIEL POSTON.

20. At all material times, the product hereinabove described was unsafe for its intended use by consumers by reason of defects in its manufacture and design rendering it unreasonably dangerous to foreseeable users.

21. Plaintiff DANIEL POSTON alleges that the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, in designing and manufacturing the product in question was the legal cause of his injuries and damages.

22. As a legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON sustained injuries which have caused and continue to cause him mental, emotional and physical pain and suffering. Plaintiff DANIEL

Thomas Minder, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, California 95833
Telephone: (916) 929-4400
Facsimile: (916) 929-4466

Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SACRAMENTO

| | |
|---|---|
| DANIEL POSTON and DARLINE POSTON,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive,<br><br>Defendants. | CASE NO: 06AS04935<br><br>**STATEMENT OF DAMAGES** |

Comes now Plaintiff, DARLINE POSTON, and provides her Statement of Damages as follows:

1. Plaintiff will claim loss of consortium which this incident has caused in the amount of $500,000.

Dated: November 20, 2006

**THOMAS MINDER & ASSOCIATES**

By [signature]
Jonathan Saul
Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

Thomas Minder, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, California 95833
Telephone: (916) 929-4400
Facsimile: (916) 929-4466

Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SACRAMENTO

| | |
|---|---|
| DANIEL POSTON and DARLINE POSTON,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive,<br><br>Defendants. | CASE NO: 06AS04935<br><br>**STATEMENT OF DAMAGES** |

Comes now Plaintiff, DANIEL POSTON, and provides his Statement of Damages as follows:

1. Plaintiff will claim his reasonable and necessary medical expenses according to proof at the time of trial;

2. Plaintiff will claim general damages to compensate him for the pain, suffering, fear, anxiety, embarrassment and emotional distress which this incident has caused in the amount of $1,000,000,000.

Dated: November 20, 2006

THOMAS MINDER & ASSOCIATES

By [signature]
Jonathan Saul
Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 Ninth Street**
**Sacramento, CA 95814-1380**
**(916) 874-5522—Website www.saccourt.com**

RECEIVED
NOV 20 2006
THOMAS MINDER & ASSOCIATES

## Program Case Notice

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 207(b):

| Action | Requirement |
|---|---|
| **Service of Summons** | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint. 1/12/07 CALENDARED<br><br>When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint.<br><br>A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| **Statement of Damages** | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| **Certificate of Service/Progress** | Within 75 days of the filing of the complaint, plaintiff must file a certificate of service or a certificate of progress on a form provided by the court. CALENDARED |
| **Responsive Pleadings** | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default.<br><br>Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.<br><br>No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| **Judgment by Default** | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| **Case Management Statement** | The court will serve a notice of case management conference on all parties approximately 120 days after the complaint is filed. A case management conference statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| **Meet and Confer** | Parties must meet and confer, in person or by telephone as required in California Rules of Court 212(f) at least **30 calendar days** before the case management conference date. |
| **Case Management Conference** | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause. Please refer to Local Rule 11.00 for more information.

**NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.**

# EXHIBIT B

HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3993
Telephone: (415) 288-9800
Fax: (415) 288-9801

Attorneys for Defendant
DAVOL INC.

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

SACRAMENTO SUPERIOR COURT

| | |
|---|---|
| DANIEL POSTON AND DARLINE POSTON,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL, INC., AND DOES 1 THROUGH 10 AND ROES 11 THROUGH 20, INCLUSIVE,<br><br>Defendants. | No. 06AS04935<br><br>**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

TO: Thomas Minder, Esq.
Jonathan Saul, Esq.
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, CA 95833
*Counsel for Plaintiffs*

**COUNSEL**:

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for the Eastern District of California ("District Court") by the filing of the attached Notice of Removal and Demand for Jury Trial with the Clerk of the District Court on January 5, 2007. A copy of this notice is on file with the

District Court. The Superior Court of California, County of Sacramento may proceed no further unless or until this case is remanded.

Date: January 5, 2007

Respectfully submitted,

HASSARD BONNINGTON LLP

BY: ______________________________

Thomas M. Frieder
Attorneys for defendant
DAVOL INC.

## PROOF OF SERVICE

**CASE NAME:** **Poston vs. Davol Inc.**

**COURT:** **Sacramento Superior Court**

**CASE NUMBER:** **06AS04935**

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of eighteen years, and am not a party to the within action. I am employed in the City and County of San Francisco, California, and my business address is Two Embarcadero Center, Suite 1800, San Francisco, California 94111-3993. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date last written below, following ordinary business practice, I served the following document(s):

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

on the parties in this action, through their attorneys of record, by placing true and correct copies thereof in sealed envelope(s) addressed as shown on the attached Service List for service as designated below:

(1) (By First Class Mail) I placed, on the date shown below, at my place of business, a true copy thereof, enclosed in a sealed envelope for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business, addressed to those listed on the attached Service List.

(2) (By Hand) Pursuant to Code of Civil Procedure §1011, I directed each envelope to the party(ies) so designated on the attached Service List to be delivered by courier this date.

(3) (By US Postal Express Mail) Following ordinary business practice, I caused each such envelope, with Express Mail postage thereon fully prepaid, to be placed in the United States Express Mail depository, at San Francisco, California, for next day delivery.

(4) (By Federal Express) Following ordinary business practice, I caused each such envelope, with shipping charges fully prepaid, to be delivered to a Federal Express agent at Federal Express Corporation at San Francisco, California, for next business day delivery.

(5) (By Special Courier) I caused each such envelope, with shipping charges fully prepaid, to be delivered to ________________, at __________________________, California, for next business day delivery.

(6) (By Facsimile) I transmitted to the parties listed on the attached Service List at approximately ______ m. on the date listed below, the aforementioned documents by facsimile machine (415) 288-9801, to the fax numbers so indicated, pursuant to California Rules of Court, Rule 2008. The facsimile machine I used complied with Rule 2003, the transmission was reported as complete and no error was reported by the machine. I caused the machine to print a transmission record, a copy of which is attached to the proof of service.

I declare under penalty of perjury that the foregoing is true and correct and that this Proof of Service was executed on **January 5, 2007** at San Francisco, California.

Esther Hom

SERVICE LIST

| Name | Type of Service |
| --- | --- |
| Thomas Minder, Esq.<br>Jonathan Saul, Esq.<br>THOMAS MINDER & ASSOCIATES<br>2151 River Plaza Drive, Suite 290<br>Sacramento, CA 95833 | (1) By First Class Mail |

District Court. The Superior Court of California, County of Sacramento may proceed no further unless or until this case is remanded.

Date: January 5, 2007

Respectfully submitted,

HASSARD BONNINGTON LLP

BY: ______________________

Thomas M. Frieder
Attorneys for defendant
DAVOL INC.

I declare under penalty of perjury that the foregoing is true and correct and that this Proof of Service was executed on **January 5, 2007** at San Francisco, California.

Esther Hom

SERVICE LIST

| Name | Type of Service |
| --- | --- |
| Thomas Minder, Esq.<br>Jonathan Saul, Esq.<br>THOMAS MINDER & ASSOCIATES<br>2151 River Plaza Drive, Suite 290<br>Sacramento, CA 95833 | (1) By First Class Mail |