HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3993
Telephone: (415) 288-9800
Fax: (415) 288-9801
E-Mail: tmf@hassard.com

Attorneys for Defendant
DAVOL INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL and DARLINE POSTON,<br>Plaintiffs,<br>v.<br>DAVOL INC., a Rhode Island corporation; DOES I through 10; and ROES 11 through 20,<br>Defendants. | Case No.: 2:07-cv-00032-FCD-GGH<br>**ANSWER AND AFFIRMATIVE DEFENSES OF DAVOL INC.** |

Defendant Davol Inc. ("Davol"), by and through its counsel, files this Answer to plaintiffs' Complaint (the "Complaint") as follows:

**PARTIES AND JURISDICTION**

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Davol to which no response is required. To the extent that a response is required, Davol admits that plaintiffs were and are residents of the State of California. As to the remaining allegations contained in Paragraph 1, Davol lacks sufficient knowledge or information to form a belief as to the truth of those allegations of the Complaint and therefore denies the same.

2. Davol admits that it is a Rhode Island corporation that at various times manufactured and distributed the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information throughout the United States, including the State of

California.

3. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

4. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

5. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

6. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

7. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

## FIRST CAUSE OF ACTION

## Negligence

## (Defendant DAVOL INC.)

1. In response to Paragraph 8 of the Complaint, Davol incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

2. Davol states the allegations in Paragraph 9 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies those allegations.

3. Davol states the allegations in Paragraph 10 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies those allegations.

4. Davol states the allegations in Paragraph 11 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies those allegations.

5. Davol states the allegations in Paragraph 12 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies those allegations.

6. Davol states the allegations in Paragraph 13 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies those allegations.

7. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and Davol therefore denies those allegations.

## SEPARATE DEFENSES TO THE FIRST CAUSE OF ACTION

1. The Complaint, in whole or part, fails to state a claim or cause of action against Davol upon which relief can be granted.

2. Applicable statutes of limitations and the doctrine of laches bar plaintiffs' claims in whole or in part.

3. Plaintiffs', or their agents', including their physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiffs' claims in whole or in part.

4. If plaintiffs used a product sold by Davol, then plaintiffs' claims are barred, in whole or in part, because plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

5. Any alleged negligent or culpable conduct of Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

6. Plaintiffs are responsible, in whole or in part, for any injuries they suffered as a result of their own negligence and their acts or omissions and their right to recover is diminished in an amount based upon their individual relative degree of fault.

7. If plaintiffs used a product sold by Davol, plaintiffs used the product for "off-label" purposes, which bars the plaintiffs' claims.

8. The "learned intermediary" doctrine bars plaintiffs' claims.

9. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

10. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

11. Plaintiffs' claims are preempted, in whole or in part, by applicable

federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

12. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

13. If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Davol is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

14. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiffs' own idiosyncratic reactions.

15. Plaintiffs failed to mitigate, which limits plaintiffs' damages, if any, in whole or in part.

16. Plaintiffs' causes of action are barred in whole or in part by plaintiffs' own contributory comparative negligence.

17. If plaintiffs have been injured or damaged, no injury or damages being admitted, a Davol product did not cause such injuries.

18. At the time the product at issue, the Composix® Kugel® Hernia Patch, left custody and control of Davol, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiffs may have suffered, if any.

19. Plaintiffs' action herein is for alleged personal injury damages, and is based upon principles of alleged comparative fault and, accordingly, pursuant to the provisions of California Civil Code Section 1431, et seq., any purported liability of Davol,

which is denied, shall be several only, and shall not be joint; Davol requests a judicial determination of the amount of non-economic damages, if any, allocated to Davol, in direct proportion to Davol's percentage of fault, which is denied, and a separate judgment in conformance therewith.

20. Davol hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**SECOND CAUSE OF ACTION**

**Loss of Consortium**

**(Defendant DAVOL INC.)**

1. In response to Paragraph 15 of the Complaint, Davol incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

2. As to the first sentence in Paragraph 16 of the Complaint, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this sentence, and Davol therefore denies those allegations. Davol states the remaining allegations in Paragraph 16 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies those allegations.

**SEPARATE DEFENSES TO THE SECOND CAUSE OF ACTION**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Davol upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar plaintiffs' claims against Davol in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiffs' claims against Davol in whole or in part.

4. Applicable statutes of limitations and the doctrine of laches bar plaintiffs' claims in whole or in part.

5. Plaintiffs', or their agents', including their physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiffs' claims in

whole or in part.

6. If plaintiffs used a product sold by Davol, then plaintiffs' claims are barred, in whole or in part, because plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

8. Plaintiffs are responsible, in whole or in part, for any injuries they suffered as a result of their own negligence and their acts or omissions and their right to recover is diminished in an amount based upon their individual relative degree of fault.

9. If plaintiffs used a product sold by Davol, plaintiffs used the product for "off-label" purposes, which bars the plaintiffs' claims.

10. The "learned intermediary" doctrine bars plaintiffs' claims.

11. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

13. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

14. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

15. If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Davol is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

16. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiffs' own idiosyncratic reactions.

17. Plaintiffs failed to mitigate, which limits plaintiffs' damages, if any, in whole or in part.

18. Plaintiffs' causes of action are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

19. If plaintiffs have been injured or damaged, no injury or damages being admitted, a Davol product did not cause such injuries.

20. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Davol, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiffs may have suffered, if any.

21. Plaintiffs' purported cause of action for alleged strict liability is barred by virtue of the ruling of the California Supreme Court in Brown v. Superior Court (1988) 44 Cal. 3d 1049, and its progeny.

22. Plaintiffs' action herein is for alleged personal injury damages, and is based upon principles of alleged comparative fault and, accordingly, pursuant to the provisions of California Civil Code Section 1431, et seq., any purported liability of Davol, which is denied, shall be several only, and shall not be joint; Davol requests a judicial determination of the amount of non-economic damages, if any, allocated to Davol, in direct proportion to Davol's percentage of fault, which is denied, and a separate judgment in conformance therewith.

23. Davol hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**THIRD CAUSE OF ACTION**

**Strict Liability**

**(Defendant DAVOL INC.)**

1. In response to Paragraph 17 of the Complaint, Davol incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

2. In response to Paragraph 18, Davol admits that at various times it researched, designed, manufactured, inspected, marketed, and advertised the Composix® Kugel® Hernia Patch to healthcare professionals for use in accordance with its accompanying labeling information. Davol states the remaining allegations are conclusions of law to which no answer is required. To the extent an answer is required, Davol denies those allegations.

3. In response to Paragraph 19, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies those allegations.

4. Davol states the allegations in Paragraph 20 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies those allegations.

5. Davol states the allegations in Paragraph 21 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies those allegations.

6. Davol states the allegations in Paragraph 22 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies those allegations.

**SEPARATE DEFENSES TO THE THIRD CAUSE OF ACTION**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Davol upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar plaintiffs' claims against Davol in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product

Liability §§ 4 and 6, bar plaintiffs' claims against Davol in whole or in part.

4. Applicable statutes of limitations and the doctrine of laches bar plaintiffs' claims in whole or in part.

5. Plaintiffs', or their agents', including their physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiffs' claims in whole or in part.

6. If plaintiffs used a product sold by Davol, then plaintiffs' claims are barred, in whole or in part, because plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

8. Plaintiffs are responsible, in whole or in part, for any injuries they suffered as a result of their own negligence and their acts or omissions and their right to recover is diminished in an amount based upon their individual relative degree of fault.

9. If plaintiffs used a product sold by Davol, plaintiffs used the product for "off-label" purposes, which bars the plaintiffs' claims.

10. The "learned intermediary" doctrine bars plaintiffs' claims.

11. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

13. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

14. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

15. If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Davol is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

16. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiffs' own idiosyncratic reactions.

17. Plaintiffs failed to mitigate, which limits plaintiffs' damages, if any, in whole or in part.

18. Plaintiffs' causes of action are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

19. If plaintiffs have been injured or damaged, no injury or damages being admitted, a Davol product did not cause such injuries.

20. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Davol, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiffs may have suffered, if any.

21. Plaintiffs' purported cause of action for alleged strict liability is barred by virtue of the ruling of the California Supreme Court in Brown v. Superior Court (1988) 44 Cal. 3d 1049, and its progeny.

22. Plaintiffs' action herein is for alleged personal injury damages, and is based upon principles of alleged comparative fault and, accordingly, pursuant to the

provisions of California Civil Code Section 1431, et seq., any purported liability of Davol, which is denied, shall be several only, and shall not be joint; Davol requests a judicial determination of the amount of non-economic damages, if any, allocated to Davol, in direct proportion to Davol's percentage of fault, which is denied, and a separate judgment in conformance therewith.

23. Davol hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**PRAYER**

1. Davol denies that it is responsible or liable for any alleged injuries or damages sustained by plaintiffs.

2. Davol denies that it is responsible or liable for any medical or incidental expenses allegedly incurred by plaintiffs.

3. Davol denies it is responsible or liable for Darline Poston's alleged loss of consortium.

4. Davol denies that it is responsible or liable for any lost earnings or earning capacity that plaintiffs allege to have incurred as a result of the allegations contained in their Complaint.

5. Davol states that plaintiffs are not entitled to any judgment against Davol for any purported injury or harm sustained by them as outlined in their Complaint, therefore Davol cannot be responsible or liable for any pre-judgment interest.

6. Davol denies that it is responsible or liable for any costs associated with plaintiffs' lawsuit.

7. Davol asserts that plaintiffs are not entitled to any relief to any alleged injury or harm outlined in their Complaint. Further, Davol denies that it is responsible or liable for any relief that plaintiffs may seek through this lawsuit.

WHEREFORE, Defendant Davol Inc. demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of

suit and such other relief as the Court deems equitable and just.

Dated: January 10, 2007

Respectfully submitted,

HASSARD BONNINGTON LLP

By: /S/ Thomas M. Frieder
Thomas M. Frieder

Attorneys for defendant
DAVOL INC.