Thomas Minder, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, California 95833
Telephone: (916) 929-4400
Facsimile: (916) 929-4466
Attorneys for Plaintiffs
DANIEL POSTON and DARLINE POSTON

Thomas Frieder, Esq., SBN 95411
HASSARD BONNINGTON, LLP
Two Embarcadero Center, Suite 1800
San Francisco, CA 94111-3993
Telephone: (415) 288-9800
Facsimile: (415) 288-9801
Attorneys for Defendant
DAVOL, INC.

Kirby Griffis, Esq.,
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639
Attorneys for Defendant
DAVOL, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL POSTON and DARLINE POSTON,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive,<br><br>Defendants. | NO: 2:07-CV-00032-FCD-GGH<br><br>**JOINT STATUS REPORT** |

Counsel for Plaintiffs Daniel Poston and Darline Poston, and counsel for Defendant Davol, Inc., hereby submit the Joint Status Report, pursuant to Federal Rule of Civil Procedure 26(f).

## I. SUMMARY OF CLAIMS AND LEGAL THEORIES

Plaintiff Daniel Poston underwent hernia repair surgery in June 2005, wherein a surgical mesh manufactured by Defendant Davol, Inc. was utilized. Subsequent to the surgical procedure, the mesh in question was recalled. In November 2006, Plaintiff Daniel Poston underwent an additional surgical procedure, wherein the mesh in question was removed. Plaintiff Daniel Poston claims injuries and damages from having to undergo the surgery to remove the recalled mesh, manufactured by Defendant Davol, Inc. Plaintiff Darline Poston, the wife of Plaintiff Daniel Poston, is making a claim for loss of consortium. The legal theories advanced against Defendant Davol, Inc. are Negligence, Strict Liability and Loss of Consortium.

## II. STATUS OF SERVICE

The proper parties have been served and the case is at-issue.

## III. POSSIBLE JOINDER OF ADDITIONAL PARTIES

At this time, the parties do not foresee the joinder of additional parties to this lawsuit.

## IV. CONTEMPLATED AMENDMENTS TO THE PLEADINGS

At this time, the parties do not foresee amendments to the pleadings.

## V. STATUTORY BASIS FOR JURISDICTION AND VENUE

This case was originally filed in the Superior Court, County of Sacramento. Defendant Davol, Inc. removed this matter to the Court herein, based upon diversity jurisdiction. The amount in controversy exceeds the jurisdictional limits, and complete diversity exists. Within the last week, Plaintiffs in the action entitled *Montiel v. Davol, Inc., et al.*, Case No. CA 07-064, United States District Court for the District of Rhode Island, filed a petition under 28 U.S.C. § 1407, seeking transfer and coordination of the several cases venued throughout the United States, including the case herein. The moving party has requested consolidation of the all current cases involving the mesh products in question, for purposes of discovery. The request has been made to the Judicial Panel on Multidistrict Litigation, for transfer, coordination and consolidation to the District of Rhode Island.

///

///

## VI. ANTICIPATED DISCOVERY SCHEDULE

Initial Disclosures

The parties have agreed to make initial disclosures, pursuant to Rule 26(a)(1), on March 15, 2007.

Non-Expert Discovery

The parties have agreed on the following items of discovery: written discovery and the depositions of parties and percipient witnesses. The parties agree non-expert discovery should be completed, and discoverable and relevant documents will be exchanged by August 10, 2007.

Expert Disclosure

The parties agree Plaintiffs' expert disclosure will be due on November 21, 2007. The parties agree Defendant's expert disclosure will be due on December 31, 2007.

Discovery Deadline

The parties agree expert discovery will close on March 3, 2008.

Contemplated Dispositive Motions and Deadline

Defendant expects to file a *Daubert* motion to challenge Plaintiffs' proffered expert testimony on causation. The parties agree to a deadline for the filing of all dispositive motions of April 7, 2008. Any such hearings to be conducted in June 2008.

Proposed Pretrial Conference

The parties agree to a final pretrial conference with the Court in July 2008.

Trial

The parties agree to the setting of trial in this matter in August or September 2008. Trial is estimated at 7 days. Both parties demand a jury.

Special Procedures

The parties do not anticipate any need for special procedures.

Proposed Modification

The parties do not anticipate the need for modification of the standard pre-trial procedures.

///

Other Cases

The parties are aware of several other similar cases in other districts, but are not aware of any other similar cases in this district.

Prospects for Settlement

The parties have discussed settlement and have concluded it is not currently feasible. The parties do not request a settlement conference at this time.

Other Matters

The parties are unaware of any other matters at this time.

Dated: March 9, 2007

**THOMAS MINDER & ASSOCIATES**

By______________________________
Jonathan Saul
Attorneys for Plaintiffs
DANIEL POSTON and DARLINE POSTON

Dated: March 9, 2007

**SPRIGGS & HOLLINGSWORTH**

By____/s/ Kirby Griffis______
Kirby Griffis
Attorneys for Defendant
DAVOL, INC.

Dated: March 9, 2007

**HASSARD BONNINGTON, LLP**

By ___/s/ Thomas Frieder_____
Thomas Frieder, Esq.
Attorneys for Defendant
DAVOL, INC.